# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *George H. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 25-1692-CDA

Dear Counsel:

On May 28, 2025, Plaintiff George H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 9) and the parties' briefs (ECFs 12, 14 and 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on August 16, 2022, and a Title XVI application for Supplemental Security Income ("SSI") benefits on August 5, 2022, alleging in both applications a disability onset of March 31, 2019. Tr. 17. Plaintiff's claims were denied initially and on reconsideration. Tr. 17. On February 8, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 17. Following the hearing, on April 24, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14. The Appeals Council denied Plaintiff's request for review, Tr. 1, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against The Commissioner of Social Security May 28, 2025. ECF 1. Having been the Commissioner of Social Security since May 6, 2025, Frank Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] 42 U.S.C. §§ 301 et seq.

## II. THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 31, 2019." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "hyperlipidemia, hypertension, heart failure with reduced ejection fraction, and cardiomyopathy." Tr. 19. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "insomnia, alcohol use disorder, neuropathy, fatty liver, headache, and vitamin D deficiency." Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)

Tr. 22. The ALJ determined that Plaintiff was unable to perform past relevant work as a cocktail lounge manager (DOT[3] #187.167-126) and shift manager (DOT #187.167-106) but could perform other jobs that existed in significant numbers in the national economy. Tr. 28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 29.

## III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review concerns whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ failed to account for the "total limiting effects" of his impairments, rendering the decision unsupported by substantial evidence. ECF 12, at 5. Plaintiff contends that the ALJ rejected the physical and mental limitations suggested by a nurse practitioner, Kamishia Thomas DNP, because "she only provide[d] a list of diagnoses and symptoms." ECF 12, at 6 (citing Tr. 26). In Plaintiff's view, the law requires reversal because the ALJ failed to explain how they considered the supportability and consistency factors when considering a medical source's medical opinions in their decision. ECF 12, at 7. Defendant counters that the RFC is supported by substantial evidence and permits meaningful judicial review. ECF 14, at 4.

When assessing a claim filed on or after March 27, 2017, an ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" in the record. 20 C.F.R. § 404.1520c(b). Because "[t]he factors of supportability . . . and consistency . . . are the most important factors" in this analysis, an ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions" in their decision. *Id.* § 404.1520c(b)(2). Relevant to this case, supportability refers to "the objective medical evidence and supporting explanations provided by a medical source" to support the source's opinion. *Id.* § 404.1520c(c)(1).

Here, in assessing the supportability of Ms. Thomas's opinion, the ALJ observed that Ms. Thomas:

> offers little support for these significant limitations, including absenteeism and off-task behavior, and the need for unscheduled breaks, as she only provides a list of diagnoses and symptoms. However, the reported symptoms of shortness of breath, edema, chest pain, and syncope are not consistent with the treating notes, as the [Plaintiff] has not consistently reported issues in these areas; rather he has denied chest pain, edema, and syncope numerous times since his December 2021 hospitalization . . . due to the limited support for these limitations, and due to the inconsistency with the treating notes and exams, [the ALJ found] this opinion unpersuasive.

Tr. 26-27. However, the record does not support this contention. Ms. Thomas completed a

"Medical Source Statement: Physical" on November 1, 2022, where she reports that she has treated Plaintiff for one year. Tr. 26; Tr. 874-76, Exhibit 15F. Ms. Thomas's opinion and the medical records make clear that her opinion is based on the entirety of her treatment of Plaintiff, not just the isolated incidents where, as the ALJ points out, Plaintiff "has denied chest pain, edema, and syncope." Tr. 26. While there are visits with Ms. Thomas where Plaintiff denies these symptoms, there are also times he reports them. *See* Tr. 336-37, Exhibit 1F (a visit with Ms. Thomas where Plaintiff complains of chest pain and imaging is ordered) Given this, and Ms. Thomas's stated reliance on objective evidence including imaging, diagnostics and physical examination, the ALJ rejected the opinion based on the incorrect premise that the opinion offered no support for its conclusions. "Because this finding is not based on 'evidence which a reasoning mind would accept as sufficient,' it is not supported by substantial evidence." *Sholanda H. v. O'Malley*, No. 23-1881-CDA, 2024 WL 3378215, at *2 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

The ALJ's failure to support this finding with substantial evidence was consequential. Among other things, Ms. Thomas opined that Plaintiff would need to lie down during a normal workday and need to take unscheduled breaks during the workday. Tr. 26. If deemed persuasive, these findings would impact Plaintiff's RFC and could also impact the finding reached at step five. The Court must remand this case to ensure that Ms. Thomas's opinion is properly evaluated.

On remand, the ALJ is welcome to consider Plaintiff's arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 12, is DENIED and Defendant's motion for summary judgment, ECF 14, is DENIED, and Plaintiff's alternative motion for remand, ECF 12, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge